IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KEITH ELLIOTT HAVARD**                                                     **PETITIONER**

**VERSUS**                              **CIVIL ACTION NO. 1:10-cv-494-HSO-JMR**

**DANNY SCOTT, et al.**                                                      **RESPONDENTS**

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Keith Elliott Havard, an inmate presently incarcerated at the Delta Correctional Facility, Greenwood, Mississippi, filed this Petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 on October 13, 2010.

I.  BACKGROUND

In his Petition [1], Petitioner states that on October 26, 2009, his probation was unlawfully revoked by the Circuit Court of George County, Mississippi. Petitioner indicates that he filed a motion for relief from the revocation of his probation in the Circuit Court of George County asserting the following: (a) that his arrest and detention were unlawful; (b) that the State and MDOC failed to conduct preliminary hearings; (c) that the hearing that was conducted was unfair; (d) that there was no evidence to support the finding of guilt; (e) that his counsel was ineffective; (f) that his rights to Due Process and Equal Protection were violated;  and (g) that the state court lacked jurisdiction to enter a judgment against Petitioner.  As a result of his probation being revoked, Petitioner complains that his suspended eight year sentence was also revoked.  Pet. [1] at 1.

## II. ANALYSIS

After reviewing Petitioner's Petition [1] for habeas corpus relief, his Amended Petition [6], and Response [14], and applying a liberal construction as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court has come to the following conclusions.

Pursuant to 28 U.S.C. § 2254(b)(1), "a defendant must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008)(*citing Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001)). In order to meet the exhaustion requirement of 28 U.S.C. § 2254(b)(1), the habeas claim must have been fairly presented to the highest state court. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004)(*citing Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). As a general matter, a habeas petition is dismissed when the petitioner has not exhausted his claims in state court. *See Smith,* 515 F.3d at 400 (*citing* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy,* 455 U.S. 509, 519-20 (1982)).

In order for this Court to determine whether Petitioner has exhausted the state remedies available to him, it entered an Order [13] on February 24, 2011, directing him to provide said information. On March 10, 2011, Petitioner filed his Response [14], stating that his Notice of Appeal to the Mississippi Court of Appeals had been filed, had been assigned appeal case number 2011-CP-27-COA, and is presently pending before the Mississippi Court of Appeals. As such, this Court finds it clear that Petitioner has not satisfied the exhaustion requirements of 28 U.S.C. § 2254(b)(1)(A) and (c). Because Petitioner's appeal is currently pending before the Mississippi Court

of Appeals, his request for habeas relief is premature and the Petition for habeas relief will be denied, without prejudice.

### III.  CONCLUSION

IT IS, THEREFORE, ORDERED AND ADJUDGED, that Petitioner Keith Elliott Havard's Petition for habeas relief should be and hereby is dismissed without prejudice based on his failure to exhaust his state court remedies.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 23rd day of March, 2011.


*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE